**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

RENATA MEDEIROS, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.

SIMM ASSOCIATES, INC.,
a Delaware corporation,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**
**JURY DEMAND**

COMES NOW Plaintiff, Renata Medeiros (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, and brings this action against Defendant, SIMM Associates, Inc. (hereinafter "Defendant"), and states the following in support thereof:

**PRELIMINARY STATEMENT**

1. This is an action brought against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter the "FDCPA") and the Florida Consumer Collection Practices Act, § 559.55, *et seq.*, Florida Statutes (hereinafter the "FCCPA").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d),the FCCPA, Section 559.77(1), Florida Statutes, and 28 U.S.C § 1331. This Court has supplemental jurisdiction for Plaintiff's FCCPA claims pursuant to 28 U.S.C. § 1367.

3. Defendant is subject to the provisions of the FDCPA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k).

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the acts or omissions complained of were committed and/or caused by Defendant here and Plaintiff lives here.

## PARTIES

5. Plaintiff is a natural person, a resident of Miami-Dade County, Florida, and a consumer as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

6. Defendant is a Delaware corporation, whose primary business address is located at 800 Pencader Drive, Newark, DE 19702 and whose registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

7. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7), in that it uses postal mail, an instrumentality of interstate commerce, across state lines into Florida for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant is licensed as a Consumer Collection Agency by the Florida Office of Financial Regulation, holding license number CCA0900771.

9. At all times relevant hereto, Defendant possessed knowledge concerning the requirements of both the FDCPA and FCCPA; and trained its employees regarding compliance with both the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff allegedly incurred a debt concerning a consumer credit account issued by a nationally recognized bank (hereinafter the "Debt").

11. At a time better known to Defendant, the current creditor engaged Defendant in

order to direct debt collection activities in connection with the Debt toward Plaintiff.

12. Defendant made the affirmative business decision to communicate with Plaintiff and other consumers about the collection of the Debt via written correspondence.

13. However, rather than preparing and mailing written collection correspondence on its own, Defendant sent information regarding Plaintiff and the Debt to a third-party vendor (hereinafter the "Vendor") in order to outsource the process.

14. Defendant disclosed to the Vendor, among other things: (i) Plaintiff's status as a debtor; (ii) the fact that Plaintiff allegedly owed monies for the Debt; (iii) the fact the Debt concerned consumer credit account; and (iv) other highly personal pieces of information.

15. The Vendor then populated some or all of this information into a pre-written template, printed, and mailed the collection letter to Plaintiff's residence in Florida. (**Exhibit 'A'**).

16. The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." *See* 15 U.S.C. § 1692a(3).

17. The sending of an electronic file containing information about Plaintiff and the Debt to the Vendor is therefore a communication under the statute. *See Hunstein v. Preferred Collection and Management Services, Inc.*, 994 F.3d 1341, 1352 (11th Cir. 2021).

18. Defendant's communication to the Vendor was in connection with the collection of a debt since it involved disclosure of information about Plaintiff and the Debt to a third-party, with the objective being communication with the consumer and motivation of the consumer to pay an alleged debt.

19. Plaintiff never consented to having her personal and confidential information, concerning the Debt or otherwise, shared with the Vendor.

20. In limiting communications with unauthorized third-parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than <u>the consumer, his attorney, a consumer reporting agency</u> if otherwise permitted by law, <u>the creditor, the attorney of the creditor, or the attorney of the debt collector</u>." (emphasis added).

21. The Vendor used by Defendant in conjunction with its debt collection efforts directed toward Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

22. Due to Defendant's aforementioned communication to the Vendor, debt-related information about Plaintiff is within the possession of an unauthorized third-party.

23. If a debt collector "conveys information regarding the debt to a third party-informs the third-party that the debt exists or provides information about the details of the debt then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

24. Defendant unlawfully communicates with the Vendor for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information, which it discloses to such third-party.

25. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive personal information to unauthorized third-parties has on consumers.

26. Because 15 U.S.C. § 1692c(b) bears a close relationship to a harm that American courts have long recognized as cognizable, the invasion of privacy, and Congress's judgment

indicates that violations of §1692c(b) constitute a concrete injury, Plaintiff has standing to sue Defendant. *See Hunstein*, 994 F.3d at 1348 (11th Cir. 2021).

## CLASS ALLEGATIONS

27. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class of persons (hereinafter the "Class"), subject to modification after discovery and further case development:

> *All persons in Florida whose information was communicated, in connection with the collection of a debt, to a third-party by Defendant without said persons' prior consent from one year prior to the filing of the instant action through to the date of class certification.*

28. The members of the Class are all identifiable through Defendant's records and other third-party records.

29. Excluded from the Class are Defendant; any entities in which it has a controlling interest; its agents and employees; any Judge to whom this action is assigned, any member of such Judge's staff, and the Judge's immediate family; and Plaintiff's counsel, any member of their staff, and immediate family.

30. Plaintiff proposes that he serve as class representative for the class as he and the members of the Class have all been harmed by Defendant's actions.

31. The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable.

32. Plaintiff believes and therefore avers, that Defendant has improperly communicated debt-related information of over forty (40) consumers to unauthorized third-parties throughout the state of Florida during the relevant time period.

33. There are questions of law and fact common to Plaintiff and to the members of the Class, including without limitation:

      a.    Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692c(b);

      b.    Whether Defendant's conduct constitutes violations of Section 559.72(5), Florida Statutes;

      c.    Whether Plaintiff and members of the Class are entitled to statutory damages pursuant to the FDCPA and the FCCPA;

      d.    Whether Plaintiff and members of the Class are entitled to attorney's fees and costs pursuant to the FDCPA and the FCCPA; and

      e.    Whether Defendant should be enjoined from engaging in such conduct in the future.

34.    Plaintiff's claims are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

35.    Plaintiff is an adequate representative of the Class because she will fairly and adequately protect the interests of the Class, and counsel who is experienced in litigation of this nature represent her.

36.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

37.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I
### (Violations of 15 U.S.C. § 1692c(b))

38.    Plaintiff adopts, realleges, and incorporates all of the foregoing paragraphs as if fully set forth herein.

39. At all times relevant to this action, Defendant is subject to and must abide by the laws of United States, including without limitation, 15 U.S.C. § 1692, *et seq*.

40. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

41. In enacting the statute, Congress identified the "invasion of individual privacy" as one of the harms against which the FDCPA is directed. *See* 15 U.S.C. § 1692(a) (emphasis added).

42. 15 U.S.C. § 1692c(b) provides: "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

43. The transmittal of personal debt-related information to a third-party mailing vendor constitutes a communication in connection with the collection of a debt. *See Hunstein*, 994 F.3d at 1352 (11th Cir. 2021).

44. Because 15 U.S.C. § 1692c(b) bears a close relationship to a harm that American courts have long recognized as cognizable, the invasion of privacy, and Congress's judgment indicates that violations of §1692c(b) constitute a concrete injury, Plaintiff has standing to sue. *See Id* at 1348.

45. Defendant violated 15 U.S.C. § 1692c(b) when it communicated sensitive personal information about Plaintiff to the Vendor in connection with the collection of the Debt.

46. Specifically, Defendant communicated details about: (i) Plaintiff's status as a debtor; (ii) the fact that Plaintiff allegedly owed monies; (iii) the fact the Debt concerned a consumer credit account; and (iv) other highly personal pieces of information

47. Defendant intentionally made these communications to the Vendor in order to attempt to gain an advantage over other debt collectors and generate additional profits.

48. As a result of Defendant's aforementioned violation of the FDCPA, Plaintiff suffered damages, including without limitation, an invasion of privacy.

49. Defendant's aforementioned conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000, as well as other relief.

## COUNT II
### (Violations of Fla. Stat. § 559.72(5))

50. Plaintiff adopts, realleges, and incorporates all of the foregoing paragraphs as if fully set forth herein.

51. At all times relevant to this action, Defendant is subject to and must abide by the laws of Florida, including without limitation, Florida Statute § 559.72, *et seq*.

52. The Florida Legislature, in enacting the FCCPA, has <u>further defined and protected an individual's right of privacy</u> in the State of Florida. *Collection Bureau of Orlando v. Continental Casualty Co.,* 342 So. 2d 1019, 1020 (Fla. 4th DCA 1977) (emphasis added); *See also* Terri Jayne Salt, Note, *Fair Debt Collection Practices: Analysis of Florida and Federal Law,* 30 U. Fla. L. Rev. 892, 905 (1978).

53. In collecting consumer debts, no person shall disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate

8

business need for the information or that the information is false. *See* Fla. Stat. § 559.72(5).

54. In the event of any inconsistency between any provision of the FCCPA and any provision of the FDCPA, the provision which is more protective of the consumer or debtor shall prevail. *See* Fla. Stat. § 559.552.

55. "A plaintiff is not required to prove actual damages, but only a violation of one of the prohibited practices in the Florida Consumer Collections Practices Act." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509 (Fla. 1st DCA 2007).

56. Defendant violated Section 559.72(5), Florida Statutes, when it disclosed to the Vendor information that would affect Plaintiff's reputation.

57. Specifically, Defendant disclosed details about: (i) Plaintiff's status as a debtor; (ii) the fact that Plaintiff allegedly owed monies; (iii) the fact the Debt concerned a consumer credit account; and (iv) other highly personal pieces of information, all of which concern Plaintiff's reputation.

58. Defendant knew there was no legitimate business need for this information, since Defendant could easily have prepared and mailed correspondence itself without disclosing Plaintiff's sensitive personal information to a third-party.

59. Moreover, no legitimate business need for the disclosure of the aforementioned debt-related information could have existed because the FDCPA proscribed communicating said information to the Vendor. *See* 15 U.S.C. § 1692c(b).

60. Defendant intentionally chose to disclose this sensitive personal information to the Vendor as part of its debt collection efforts in order to increase its operational efficiency and profits.

61. As a result of Defendant's aforementioned violation of the FCCPA, Plaintiff

suffered damages, including without limitation, an invasion of privacy.

62. Defendant's conduct renders it liable for the above-stated violations of the FCCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000, as well as other relief.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendant for the following:

a. Certification of Plaintiff's claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure;

b. Awarding statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k;

c. Awarding statutory damages of $1,000.00 for each violation of the FCCPA pursuant to Section 559.77(2), Florida Statutes;

d. Injunctive relief preventing Defendant from making any further communications to unauthorized third-parties when attempting to collect consumer debts.

e. Awarding reasonable costs and attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k and Section 559.77(2), Florida Statutes; and

f. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                Respectfully submitted,

                /s/ *Christopher Legg*
                Christopher Legg, Esq.
                Florida Bar No. 44460
                CHRISTOPHER W. LEGG, P.A.
                499 E. Palmetto Park Rd., Ste. 228
                Boca Raton, Florida 33432
                Telephone: 954-235-3706
                Chris@theconsumerlawyers.com

                *Attorney for Plaintiff*
                *and the putative class*